UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY S. GOODYEAR,

    Plaintiff,

vs.                      Case No. 2:07-cv-192-FtM-34SPC

THOMAS REESE, Judge,

    Defendant.
_____

## ORDER OF DISMISSAL[1]

This matter comes before the Court upon review of Plaintiff's Complaint (Doc. #1), filed March 12, 2007. Plaintiff filed a motion to proceed *in forma pauperis* on April 4, 2007. (Docs. #10, #11.)

Plaintiff, who is proceeding *pro se* and who is currently a pre-trial detainee in the Lee County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging in pertinent part constitutional violations arising from malicious prosecution. Doc. #1 at 1. Specifically, Plaintiff states that Judge Reese, a state circuit court judge for the Twentieth Judicial Circuit, "is guilty of conspiring to cover up a false arrest on my case." "Michael F. Horning my own paid attorney covered for everyone as he tried to prosecute me." Id. at 2. Plaintiff contends that he has evidence consisting of "bogus Police Reports [and] e-mails to myself from arresting officer Vincent Minnilo of the Cape Coral Police Department, in which [sic] would imply being

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

protected by higher power." Id. at 1. "Everyone is protecting everyone, which proves this goes much deeper than my situation." Id. at 3. As relief, it appears that Plaintiff seeks the removal of Judge Reese from his case and from the bench. Id. at 1.

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32

(1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, Plaintiff's claim is fatally flawed and must be dismissed. First, the relief Plaintiff seeks, which is removal of Judge Reese from his case, is not within the federal court's jurisdiction. Essentially, Plaintiff requests a writ of mandamus. However, federal writs of mandamus are only available to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts do not have the jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir.

1973).² Additionally, Plaintiff names a state judge as the Defendant in this action. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing <u>Stump v. Sparkman</u>, 455 U.S. 349, 356-57 (1978)). To the extent Plaintiff is alleging he was "falsely arrested" Plaintiff must show that the challenged conviction was reversed, expunged or otherwise invalidated as required by the <u>Heck</u> standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (emphasis in original). Plaintiff does not satisfy the <u>Heck</u> standard.

---

²In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

While viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against the Defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106-107 (1976); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 16th day of April, 2007.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record